# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 10, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

138478 & (61)

ROBERT DAVIS,
            Plaintiff-Appellant,

v

MARILYN WHEELER,
            Defendant-Appellee,

and

JAMILLE EDWARDS, BRENDA EPPERSON,
BLANCHE MCCLARY, HIGHLAND PARK
SCHOOL DISTRICT, and JOYCE WATKINS,
            Defendants.
_____/

SC: 138478
COA: 288016
Wayne CC: 08-116537-AW

On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal the March 17, 2009 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

YOUNG, J. (*concurring*).

I concur in this Court's order denying leave to appeal. I write separately to address an error in the Court of Appeals decision that plaintiff abandoned in his application for leave to appeal in this Court.

Defendant Marilyn Wheeler was elected to the Highland Park Board of Education. Defendant was removed from office by court order because she failed to file an Acceptance of Office form.[1] Defendant was subsequently appointed to the same position

---

[1] See MCL 168.309, which provides in relevant part: "Within 10 business days after notification by the school district election coordinator of election or appointment to the board, each person shall file with the secretary of the board an acceptance of the office to which the person has been elected or appointed."

by the board at a special meeting on April 10, 2008.[2]  Defendant began participating and voting on matters that same day.  It is undisputed that defendant took her oath of office five days later on April 15, 2008.

Plaintiff brought this action and alleged that defendant's office was vacated a second time when she failed to take the oath of office before conducting board activities.[3]  Plaintiff relied on MCL 201.3(7), which provides in relevant part:

> Every office shall become vacant, on the happening of any of the following events, before the expiration of the term of such office:
>
> * * *
>
> 7.  [The office holder's] . . . neglect to take his oath of office . . . in the manner and within the time prescribed by law.

Plaintiff argued that "the time prescribed by law" was "before entering upon the duties" of defendant's office, as provided by Const 1963, art 11, § 1.[4]  The circuit court ruled that defendant's office was not vacated by her failure to take the oath of office before conducting board activities and dismissed plaintiff's action.  The Court of Appeals affirmed and held that "the plain meaning of this constitutional language is that an officer may not enter upon the duties of her office until the oath is taken.  This is not a time requirement; rather, it is a substantive requirement for an officer's legal exercise of the duties of her office."[5]

I believe that the circuit court and the Court of Appeals erred.  Section 1 of article 11 of the state constitution of 1963 requires that all officers take and subscribe the oath of office "before entering upon the duties of their respective offices . . . ."  "Before" is

---

[2] See MCL 168.311, which provides in relevant part: "If less than a majority of the offices of school board member of a school district become vacant, the remaining school board members shall fill each vacant office by appointment. . . .  An individual appointed under this subsection serves until a successor is elected and qualified."

[3] Plaintiff also alleged that defendant was prohibited from being appointed to the board after her first removal for failure to file an Acceptance of Office form.  The lower courts rejected plaintiff's argument.  I concur in this Court's order denying leave to appeal.

[4] Const 1963, art 11, § 1 provides in relevant part: "All officers, legislative, executive and judicial, before entering upon the duties of their respective offices, shall take and subscribe the following oath or affirmation . . . ."

[5] *Davis v Wheeler*, unpublished opinion per curiam of the Court of Appeals, issued March 17, 2009 (Docket No. 288016), at 3.

a temporal term. "Before entering upon the duties" of an office is a time. No other time is prescribed by law. Thus, "before entering upon the duties" is "the time prescribed by law." Accordingly, pursuant to MCL 201.3(7), defendant's school board position was vacated when she participated in board activities on April 10, 2008, before she took the oath of office on April 15, 2008, and plaintiff was entitled to a writ of quo warranto. As stated, plaintiff abandoned this issue in his appeal here and is not entitled to relief. Accordingly, I concur in the order denying leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 10, 2009

Clerk